# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| | |
|---|---|
| EVA A. WEBB WRIGHT, ) <br> ) <br> *Plaintiff*, ) <br> ) <br> v. ) <br> ) <br> THE WRITERS COFFEE SHOP, LLC et ) <br> al., ) <br> ) <br> *Defendants*. ) | Case No. 1:17-cv-355 <br><br> Judge Travis R. McDonough <br><br> Magistrate Judge Susan K. Lee |

## MEMORANDUM OPINION

Before the Court are Defendant Crista Beebe's motion to dismiss for lack of personal jurisdiction (Doc. 21), Plaintiff's motion to disqualify counsel for Beebe (Doc. 23), and Beebe's motion to strike Plaintiff's sur-reply to Beebe's motion to dismiss for lack of personal jurisdiction and improper venue (Doc. 37).

Beebe's motion to strike Plaintiff's "Motion to Deny Defendant's Motion to Dismiss for Lack of Personal Jurisdiction" will be **GRANTED**. Local Rule 7.1(d) provides that, after a motion, an answer, and a reply have been filed, "no additional briefs, affidavits, or other papers in support of or in opposition to a motion shall be filed without prior approval of the Court" other than supplemental briefs regarding new developments that occurred after the final brief was filed. Plaintiff filed her "Motion to Deny Defendant's Motion to Dismiss for Lack of Personal Jurisdiction" on June 28, 2018, after Beebe had filed her reply. (Doc. 33.) Because Plaintiff's filing does not address any new developments, (*id.*), the Court construes it as a sur-reply for which the Court did not grant leave. The Court notes that Plaintiff is proceeding in this action *pro se*. The Court is mindful that *pro se* complaints are liberally construed and are held to less

stringent standards than the more formal pleadings prepared by attorneys. *Bridge v. Ocwen Fed. Bank*, 681 F.3d 355, 358 (6th Cir. 2012). However, those who proceed without counsel must still comply with the procedural rules that govern civil cases. *Lewis v. Hawkins*, No. 3:16-CV-315-TAV-HBG, 2017 WL 4322825, at *4 (E.D. Tenn. Sept. 28, 2017); *see also Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006); *Whitson v. Union Boiler Co.*, 47 F. App'x 757, 759 (6th Cir. 2002). The United States Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." *McNeil v. United States*, 508 U.S. 106, 113 (1993). Instead, the Supreme Court counsels that "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Id.* Accordingly, Plaintiff's "Motion to Deny Defendant's Motion to Dismiss for Lack of Personal Jurisdiction" (Doc. 33) is hereby **STRUCK** from the record and will not be considered for the purposes of ruling on Beebe's motion to dismiss.

For the following reasons, Beebe's motion to dismiss (Doc. 21) will be **GRANTED**. Plaintiffs' motion to disqualify counsel (Doc. 23) will be **DENIED AS MOOT**.

**I.     BACKGROUND**

Plaintiff filed this action on December 27, 2017. (Doc. 1.) Plaintiff is a resident of Tennessee. (Doc. 1, at 3.) The parties agree that Beebe is a resident of Texas. (Doc. 21, at 1; Doc. 25, at 1.) Plaintiff's complaint contains allegations against five defendants, but Plaintiff's claims against the other defendants have been dismissed. (*See* Doc. 41.)

Plaintiff alleges that, in 1995, she created a website and began publishing autobiographical content on it. (Doc. 30, at 3.) In 2004, her "[s]tory [was] under contract with Lulu Publishing." (Doc. 1, at 5.)

2

Plaintiff's complaint contains differing accounts of what happened in March 2005, although all three accounts involve one or more Defendant contacting her to ask if her story is a memoir. Plaintiff states first that "Defendants #1 & #2 inquired about my story being a real memoir. I replied YES it was." (*Id.* at 4.) Plaintiff's complaint lists Leonard as "Defendant No. 1" and Hayward as Defendant No. 2." (*Id.* at 2.) Elsewhere in her complaint, Plaintiff states, "#2 Defendant Amanda Hayward contacted Plaintiff March 2005 about my story being real. The Four Defendants then created company THE WRITER'S COFFEE SHOP LLC Hiring and Firing one another from the company." (*Id.* at 6.) Finally, Plaintiff states, "Defendants inquired about my story being a real memoir. I replied yes." (*Id.* at 5.)

Plaintiff alleges that in 2011, her story was "UNDER CONTRACT WITH AMAZON with original name and ISBN #." (*Id.* at 4.) Some time after, "ERIKA MITCHELL and Three Defendants then signed contract with RANDOM HOUSE Intent to Misrepresent Plaintiff's story and our likenesses to the Publisher and to the Public as her own work of fiction." (*Id.* at 6.) In "2012/2013 Defendant #1 and THE WRITERS COFFEE SHOP LLC" uploaded "their version of pirated story" onto Amazon, becoming a "total market replacement" for Plaintiff's story. (*Id.* at 5.) In "2013 Defendant #1 released 2nd part of pirated story." (*Id.*) Generally, Plaintiff alleges that Defendants intentionally copied from her self-published memoir and intentionally interfered with Plaintiff's publishing contracts. (*Id.* at 7.) Plaintiff claims that, by publishing her story as "their own literary creation," Defendants "unfavorably and deliberately release[ed]" private details from Plaintiff's life. (*Id.*) Finally, Plaintiff alleges that Defendants have engaged in cyberstalking through "repeated facebook [sic] friend requests." (*Id.*)

The only mention of Beebe, by name, in Plaintiff's complaint is in Plaintiff's prayer for relief: "Jail time for Defendant #4 Crista Beebe for participating in the Fraud. For receiving

money from story. Contributing to the stress induced medical condition of plaintiff and pain and suffering of family." (Doc. 1, at 10.)

Beebe filed the instant motion to dismiss Plaintiff's complaint on May 18, 2018, arguing that the Court lacks jurisdiction over her, (Doc. 21), and her motion is now ripe for the Court's review.

## II. STANDARD OF LAW

In the context of a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing the existence of personal jurisdiction. *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007). In determining whether the plaintiff has met his burden, the Court must construe all of the facts in the light most favorable to the plaintiff. *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 449 (6th Cir. 2012). Where the district court resolves the motion without an evidentiary hearing, as here, the plaintiff's burden is "relatively slight," and a *prima facie* showing of jurisdiction will suffice. *Id.* Nonetheless, "in the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleading but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Id.* (quoting *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)).

"When a federal court's subject-matter jurisdiction is based on a federal question, the court's exercise of personal jurisdiction must be both authorized by the forum State's long-arm statute and in accordance with the Due Process Clause of the Fourteenth Amendment." *AlixPartners, LLP v. Brewington*, 836 F.3d 543, 549 (6th Cir. 2016). Tennessee's long-arm statute, Tennessee Code Annotated § 20-2-214, expands the jurisdiction of Tennessee courts to the full limit permitted by the Due Process Clause. *Gordon v. Greenview Hosp., Inc.*, 300

S.W.3d 635, 645–46 (Tenn. 2009). When a state's long-arm statute reaches as far as the limits of the Due Process Clause, the two inquiries merge, and the Court need only determine whether the exercise of personal jurisdiction violates constitutional due process. *Aristech Chem. Int'l Ltd. v. Acrylic Fabricators Ltd.*, 138 F.3d 624, 627 (6th Cir. 1998).

"Due process requires that a defendant have 'minimum contacts . . . with the forum State . . . such that he should reasonably anticipate being haled into court there.'" *Schneider v. Hardesty*, 669 F.3d 693, 701 (6th Cir. 2012) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291, 297 (1980)). Personal jurisdiction can take one of two forms: general or specific. *Id.* "General jurisdiction is found where contacts are so continuous and systematic as to render a foreign defendant essentially at home in the forum State." *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal alterations and quotation marks omitted)). Specific jurisdiction, on the other hand, "depends on an affiliatio[n] between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id.* (quoting *Goodyear*, 564 U.S. at 919). The United States Court of Appeals for the Sixth Circuit has developed the three-part *Mohasco* test to determine whether specific jurisdiction exists over a particular defendant. Under that test, the Court must find:

> (1) purposeful availment "of the privilege of acting in the forum state or causing a consequence in the forum state," (2) a "cause of action ... aris[ing] from activities" in the state, and (3) a "substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable."

*Id.* (quoting *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)).

As to the first prong, "[t]he purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Id.* The emphasis is on

5

"whether the defendant has engaged in some overt actions connecting the defendant with the forum state." *Beydoun v. Wataniya Rest. Holding, Q.S.C.*, 768 F.3d 499, 506 (6th Cir. 2014) (quoting *Fortis Corp. Ins. v. Vikeri Ship Mgmt.*, 450 F.3d 214, 218 (6th Cir. 2006)). For a court to retain jurisdiction, the connection "must arise out of contacts that the 'defendant *himself*' creates with the forum state." *Walden v. Fiore*, 134 S. Ct. 1115, 1122 (2014) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). Moreover, "a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Id.* at 1123. In the case of a stream-of-commerce theory of purposeful availment, the Sixth Circuit has adopted "Justice O'Connor's stream of commerce 'plus' approach . . . ." *Bridgeport Music, Inc. v. Still N The Water Pub.*, 327 F.3d 472, 479–480 (6th Cir. 2003) (citing *Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 113 (1987)). "The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum state." *Asahi*, 480 U.S. at 112. To satisfy the second prong, the plaintiff must demonstrate that his cause of action was "proximately caused by the defendant's contacts with the forum state." *Beydoun*, 768 F.3d at 507–08. The third prong—reasonableness—requires consideration of three factors: the burden on the defendant, the interests of the forum state, and the plaintiff's interest in obtaining relief. *Id.* at 508 (citing *Asahi*, 480 U.S. at 113).

### III. ANALYSIS

Beebe argues that the Court should dismiss Plaintiff's claims against her because the Court does not have jurisdiction over her. (Doc. 21, at 1.) She represents that Plaintiff has not alleged, and cannot accurately allege, that Beebe:

> (1) has transacted any business in the State of Tennessee; (2) has committed any tortious act or omission within the State of Tennessee; (3) owns or possesses any interest in property located within the State of Tennessee; (4) entered into any contract of insurance, indemnity, or guaranty covering any person, property, or

risk located within the State of Tennessee at the time of contracting; (5) entered into a contract for services to be rendered or for materials to be furnished in the State of Tennessee; (6) lived in a marital relationship within the State of Tennessee; or (7) maintains any contacts with the State of Tennessee sufficient to confer personal jurisdiction consistent with the constitution of the State of Tennessee or of the United States.

(Doc. 21, at 1–2; *see* Doc. 22, at 1–2 (citing Tennessee Code §20-2-214).) Plaintiff's complaint does not contain an explicit basis for jurisdiction over Beebe but does allege that Beebe "participat[ed] in the Fraud," "receiv[ed] money from story," and "[c]ontribut[ed] to the stress induced medical condition of plaintiff and pain and suffering of [Plaintiff's] family." (Doc. 1, at 10.) Plaintiff argues, in her response to Beebe's motion to dismiss, that the Court has jurisdiction over Beebe because she "was a [sic] active member and associate of the Writer [sic] Coffee Shop at the time of the 'Piracy' and release of Fifty Shades of Grey."[1] (Doc. 25, at 1.)

Plaintiff fails to establish that Beebe purposefully availed herself of the privilege of acting or causing consequences in Tennessee. Plaintiff argues that Beebe's alleged use of her story was a "forum-related activity" because this activity was "likely to cause injury to a plaintiff residing in Tennessee." (*Id.* (citing *CE Distrib., LLC v. New Sensor Corp.*, 380 F.3d 1107, 1111–12 (9th Cir. 2004)).) Plaintiff asserts that the "tortious conduct that occurred in Texas had the effect of injuring Plaintiff's book sales in Tennessee." (*Id.*)

In *Bridgeport Music*, the Sixth Circuit analyzed whether defendants sued for copyright infringement had purposefully availed themselves of Tennessee law. 327 F.3d at 480–84. The Sixth Circuit found that the district court had jurisdiction over a defendant whose distribution contract "affirmatively required" nationwide distribution and who had an interactive website that directed customers to Amazon.com for sales. (*Id.* at 484.) In contrast, the Sixth Circuit found

---

[1] Plaintiff also quotes Tennessee Code § 47-25-1106(a), but that section is inapposite because it refers to subject-matter jurisdiction rather than personal jurisdiction.

7

that the district court lacked jurisdiction over a defendant who merely had knowledge that the product was likely to be distributed nationally and had no objection to Tennessee sales but had not taken "any actions to direct the [product] to Tennessee." (*Id.* at 480.) Plaintiff has not alleged that Beebe's alleged activities and transactions with The Writer's Coffee Shop, LLC, Random House, or Amazon were at all directed at Tennessee.

Plaintiff also asserts that Beebe purposefully availed herself of Tennessee law when the "group" accessed her website. (Doc. 25, at 1.) Plaintiff argues that accessing an Internet website owned by a Tennessee resident establishes personal jurisdiction. Assuming that Plaintiff has alleged that Beebe was involved in accessing Plaintiff's site or emailing Plaintiff in March 2005, a questionable assumption given Plaintiff's varied accounts, (*see* Doc. 1, at 2, 4–6), these allegations do not show *purposeful* availment because Plaintiff's complaint does not assert that Beebe, or any of the other defendants, knew that Plaintiff was a resident of Tennessee. Without knowing that Plaintiff was a resident of Tennessee, Defendants could not have purposefully availed themselves of the privilege of causing consequences in Tennessee by interacting with Plaintiff online.[2]

In sum, Beebe's contacts with the state of Tennessee are too "random, fortuitous, [and] attenuated" for her to be "haled into court" here. *Schneider*, 669 F.3d at 701. Because Plaintiff is unable to satisfy the first part of the *Mohasco* test, the Court need not analyze the other two parts. *Mohasco*, 401 F.2d at 381. Accordingly, despite viewing the facts in the light most favorable to Plaintiff, she has not made a *prima facie* showing of jurisdiction.

---

[2] Because Plaintiff has failed to establish purposeful availment for any Defendant, the Court need not consider whether Plaintiff has alleged a civil conspiracy such that this Court's jurisdiction over one of Beebe's co-defendants would render jurisdiction over Beebe constitutional. *See Chenault v. Walker*, 36 S.W.3d 45, 53 (Tenn. 2001) (listing the elements of the "conspiracy theory of personal jurisdiction").

## IV. CONCLUSION

For the following reasons, Beebe's motion to strike (Doc. 37) and motion to dismiss (Doc. 21) are **GRANTED**. Accordingly, Plaintiffs' motion to disqualify counsel (Doc. 23) is **DENIED AS MOOT**. All of Plaintiffs' claims against Beebe, the last remaining defendant in this action, are **DISMISSED WITHOUT PREJUDICE**.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**